## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

MILORAD SUSNJAR,

       Plaintiff,

vs.

FOUR S LOGISTICS, INC. &
AMAZON LOGISTICS, INC.,

       Defendants.

CIVIL ACTION NUMBER:
5:25-cv-00069-TES

---

## CONFIDENTIALITY AGREEMENT AND STIPULATED
## PROTECTIVE ORDER

WHEREAS O.C.G.A. § 9-11-26 provides for the issuance of a protective order limiting the disclosure of confidential information in appropriate circumstances, the Court hereby ORDERS the entry of this Confidentiality Agreement and Stipulated Protective Order in the above-captioned action.

1. **Scope.** This Confidentiality Agreement and Stipulated Protective Order (hereinafter "Protective Order") shall govern the production and use of all documents, information, data, material, studies, recordings, testimony, and/or other items (hereinafter collectively "documents") produced by Amazon Logistics, Inc. ("Defendant"), through their respective counsel, in response to discovery requests served by the other parties to this action or utilized and/or referenced during depositions or other proceedings in this action, which

Defendants and/or their respective counsel designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  The protections conferred by this Protective Order cover not only documents (as defined above), but also (1) any "Confidential Information" and "Attorneys' Eyes Only Information" copied or extracted from documents; (2) all copies, excerpts, summaries, or compilations of "Confidential Information" and "Attorneys' Eyes Only Information"; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal "Confidential Information" and "Attorneys' Eyes Only Information."

2.    **Dissemination/Disclosure.**    Any person or entity subject to this Protective Order, as set forth below, shall not disseminate or disclose documents designated as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," or the information contained therein, except in furtherance of limited purposes directly related to the prosecution of claims or defenses in this action as permitted by this Protective Order.  As used in this Protective Order, the term "disseminate" shall include, but not be limited to, speaking about or paraphrasing the contents of; posting through electronic means, the internet, or social media, the contents of; and copying, photographing, scanning, streaming, videotaping, transcribing, retyping, reproducing, or reprinting by any means whatsoever, any documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  The parties and counsel

shall be subject to all restrictions on dissemination and disclosure set forth in this Protective Order.

3.    **Form and Timing of Designation.**  Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document, and which will permit complete removal of the "CONFIDENTIAL" designation. "Attorneys' Eyes Only" documents shall be so designated by placing or affixing the words "ATTORNEYS' EYES ONLY" on the document in a manner which will not interfere with the legibility of the document, and which will permit complete removal of the "ATTORNEYS' EYES ONLY" designation.  Documents shall be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be deemed a waiver, in whole or in part, of the right to designate documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as otherwise allowed by this Protective Order.

4.    **Documents Which May be Designated Confidential.**  A party may designate documents as "CONFIDENTIAL" but only after review of the

documents and certification by an attorney[1] who has, in good faith, determined that the documents contain "Confidential Information." "Confidential Information" as used in this Protective Order shall mean information which falls within one or more of the following categories:

a. Protected from disclosure by statute;

b. Sensitive personal information;

c. Personal Identifying Information;

d. Trade secrets;

e. Research, technical, commercial, or financial information that the producing party has maintained as confidential;

f. Non-public information maintained by a third party as confidential that the producing party receives, obtains, or is provided access to that the producing party has maintained as confidential;

g. Medical information concerning any individual;

h. Tax returns (including attached schedules and forms) and tax forms including, but not limited to, W-2 forms and 1099 forms; or

---

[1] The attorney who reviews the documents and certifies them to be "CONFIDENTIAL" must be admitted to the Bar of at least one state but need not be admitted to practice in Georgia and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

    i.  Personnel or employment records of a person who is not a party to the action.

The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed in accordance with the standards of the Georgia Civil Practice Act. Information or documents which are available in the public sector may not be designated as "CONFIDENTIAL."

    5.  **Documents Which May be Designated Attorneys' Eyes Only.** A party may designate documents as "ATTORNEYS' EYES ONLY" but only after review of the documents and certification by an attorney[2] who has, in good faith, determined that the documents contain "Attorneys' Eyes Only Information." "Attorneys' Eyes Only Information" is extremely sensitive "Confidential Information," disclosure of which to another party or nonparty would create a substantial risk of serious harm to the business or competitive position of the designating party that could not be avoided by less restrictive means. "Attorneys' Eyes Only Information" as used in this Protective Order shall mean information that falls within one or more of the following categories:

---

[2] The attorney who reviews the documents and certifies them to be "ATTORNEYS' EYES ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in Georgia and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

a.  Information consisting of, reflecting, or representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs;

b.  Information consisting of, reflecting, or representing raw data generation, collection, receipt, access, processes, analyses, and storage;

c.  Information consisting of, reflecting, or representing analytics or metrics derivative of raw data;

d.  Business, enterprise, or operational data architecture, data modeling, data infrastructure, data management, data analytics, or data metrics, and any associated proprietary systems, software, networks, platforms, or databases;

e.  Sensitive business information, including highly sensitive financial or marketing information;

f.  Competitive technical information, including technical analyses of products or services;

g.  Competitive business information, including non-public financial and marketing analyses, comparisons of  products or services, and strategic product or service expansion plans;

h.  Vendor or business partner relationships or documents that fall within one or more of the aforementioned categories defined in this Paragraph 4, sub-paragraphs (a) - (g); or

i.  Any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Protective Order the producing party reasonably and in good faith believes would likely cause harm.

The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed in accordance with the standards of the Georgia Civil Practice Act. Information or documents which are available in the public sector may not be designated as "ATTORNEYS' EYES ONLY."

6.  **Depositions.**  Portions of depositions shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if designated as such when the deposition is taken. Such designation shall be specific as to the portions to be protected. The portions of the transcripts of all such testimony shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be labeled with the appropriate notation by the court reporter/stenographer. To the extent documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are used in the taking of depositions, same shall remain subject to the provisions of this Protective Order, unless the Court expressly rules otherwise. If

any document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order is used during the course of a deposition in this lawsuit, that portion of the deposition record referencing such document shall be labeled with the appropriate "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation. The court reporter/stenographer also shall clearly and conspicuously mark the front page of any transcript which contains references to Confidential Information or Attorneys' Eyes Only Information with the respective "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation. If Confidential Information or Attorneys' Eyes Only Information is to be disclosed at a deposition, the producing party shall have the right to exclude from attendance, during the time in which the Confidential Information or Attorneys' Eyes Only Information is to be discussed, any persons not bound by this Protective Order.

"Confidential Information" or "Attorneys' Eyes Only Information" disclosed at a deposition may also be designated as such by notifying all parties in writing not later than thirty (30) days after receipt of the transcript of the specific pages and lines of the transcript that should be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as

"ATTORNEYS' EYES ONLY" for a period of 30 days after initial receipt of the transcript.

7.    **Protection of Confidential and Attorneys' Eyes Only Material.**

a.    **General Protections.**  Documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order shall not be used, disclosed, or disseminated by the parties or counsel for the parties or any other persons identified below (¶ 7.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b.    **Limited Third-Party Disclosures of Confidential Material.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Protective Order to any other person or entity except for "qualified persons" as set forth in subparagraphs (1) through (5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Protective Order and is bound by it.  Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated "CONFIDENTIAL" pursuant to this Protective Order:

(1)    counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)    parties and employees of a party to this Protective Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[3];

(3)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(5)    other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.    **Limited Third-Party Disclosures of Attorneys' Eyes Only Material.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "ATTORNEYS' EYES ONLY" under the terms of this Protective Order to any other person or entity except

---

[3] At or prior to the time such party or employee completes his or her acknowledgment of review of this Protective Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto.  Counsel shall retain the certification together with the form signed by the party or employee.

for "qualified persons" as set forth in subparagraphs (1) through (4) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Protective Order and is bound by it.  Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated "ATTORNEYS' EYES ONLY" pursuant to this Protective Order:

> (1)    counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

> (2)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

> (3)    consultants or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

> (4)    other witnesses only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

    d.    **Control of Documents.**    Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents

designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or
dissemination of the Confidential or Attorneys' Eyes Only information
contained therein, pursuant to the terms of this Protective Order. Counsel
shall maintain a record of those persons, including employees of counsel,
who have reviewed or been given access to the documents along with the
originals of the forms signed by those persons acknowledging their
obligations under this Protective Order. If a receiving party learns of any
unauthorized disclosure of "Confidential Information" or "Attorneys' Eyes
Only Information," the party shall immediately upon learning of such
disclosure inform the producing party of all pertinent facts relating to such
disclosure and shall make all reasonable efforts to prevent disclosure by each
unauthorized person who received such information.

      e.    **Unintentional Disclosures.**    Documents unintentionally
produced without designation as "CONFIDENTIAL" or "ATTORNEYS'
EYES ONLY" may be later designated and shall be treated as
"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" from the date
written notice of the designation is provided to the receiving party.

      f.    **Copies.**    All copies, duplicates, extracts, summaries or
descriptions (hereinafter referred to collectively as "copies"), of documents
designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this

Protective Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if the word or words do not already appear on the copy.  All such copies shall be afforded the full protection of this Protective Order.

8.    **Filing of Confidential and Attorneys' Eyes Only Materials.**  In the event a party seeks to file any material that is subject to protection under this Protective Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal in accordance with the Georgia Civil Practice Act, or such other rule or procedure as may apply in the relevant jurisdiction.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the

underlying motion.  Nothing in this Protective Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.  The parties understand that documents may be filed under seal only with the permission of the court after proper motion in accordance with proper procedure as indicated above.

9.    **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the party moves for an order providing such special protection.

10.    **Challenges to Designation as Confidential or Attorneys' Eyes Only.**  Any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation is subject to challenge.   The following procedures shall apply to any such challenge:

a.    The burden of proving the necessity of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"  designation remains with the party asserting confidentiality or the need for "Attorneys' Eyes Only" levels of protection to extremely sensitive "Confidential Information."

b.    A party who contends that documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.  The party who so designated the documents

shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an order confirming the Confidential or Attorneys' Eyes Only designation.

c.      Notwithstanding any challenge to the designation of documents as confidential, all documents previously designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall continue to be treated as subject to the full protections of this Protective Order until one of the following occurs:

(1)    the party who claims that the documents are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" withdraws such designation in writing;

(2)    the party who claims that the documents are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" fails to move timely for an order designating the documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"  as set forth in paragraph 9.b. above; or

(3)    the court rules that the documents should no longer be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

d.     Challenges to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designations of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

11.     **Documents Produced for Inspection Prior to Designation.**   In the event documents are produced for inspection prior to designation, the documents shall be treated as "ATTORNEYS' EYES ONLY" during inspection.  At the time of copying for the inspecting parties, shall be marked prominently "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party.

12.     **Treatment on Conclusion of Litigation.**

a.     **Protective Order Remains in Effect.**   All provisions of this Protective Order restricting the use of documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.     **Return of CONFIDENTIAL and ATTORNEYS' EYES ONLY Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order, including copies as defined above (¶7.e.) shall be returned

to the producing party and deleted from all electronic devices unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" so long as that work product does not duplicate verbatim substantial portions of the text of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents. This work product continues to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

13.    **Protective Order Subject to Modification.**  This Protective Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order.  This Protective Order shall not,

however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

14.    **No Judicial Determination.**    This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by counsel is subject to protection under the Georgia Civil Practice Act or otherwise until such time as a document-specific ruling shall have been made.

15.    **Persons Bound.**  This Protective Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**SO ORDERED** this  11  day of ___March_____, 2025.

_____s/Tilman E. Self, III_____
The Honorable Tilman E. Self, III
Judge, Federal District Court, Middle District of
Georgia, Macon Division

Prepared By:

Kathryn T. Gathy, Esq.
Georgia Bar No. 894772
katy.gathy@wilsonelser.com
*Counsel for Defendant Amazon Logistics, Inc.*

***Consents on Following Page***

<u>Consented By</u>:

Chloe B. Thompson, Esq.
Georgia Bar No. 729103
Phillip A. Pendergrass, Esq.
Georgia Bar No. 529699
cthompson@turnbullfirm.com
ppendergrass@turnbullfirm.com
*Counsel for Plaintiff*

David N. Nelson, Esq.
Georgia Bar No. 537760
Liza McDaniel
Georgia Bar No. 993877
dnelson@chrkglaw.com
emcdaniel@chrkglaw.com
*Counsel for Four S Logistics, Inc.*

**ATTACHMENT A**

**CERTIFICATION BY COUNSEL OF DESIGNATION
OF INFORMATION AS "CONFIDENTIAL" OR "ATTORNEYS' EYES
ONLY"**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| MILORAD SUSNJAR,<br><br>           Plaintiff,<br><br>vs.<br><br>FOUR S LOGISTICS, INC. &<br>AMAZON LOGISTICS, INC.,<br><br>           Defendants. | CIVIL ACTION NUMBER:<br>5:25-cv-00069-TES |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" subject to the Stipulated Confidentiality and Protective Order entered in this action which Protective Order is dated _____.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraphs 3 or 4 of the Confidentiality Agreement and Stipulated Protective Order.

Check and complete one of the two options below.

❑      I am a member of the Georgia Bar.  My Bar number is _____.

❑      I am not a member of the Georgia Bar but am admitted to the Bar of one or more states.  The state in which I conduct the majority of my practice is _____ where my Bar number is _____.  I understand that by completing this certification I am submitting to the

jurisdiction of the Federal District Court, Middle District of Georgia as to any matter relating to this certification.

Date:

                                      Signature of Counsel

                                      Printed Name of Counsel

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING AND
AGREEMENT TO BE BOUND**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| MILORAD SUSNJAR, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NUMBER: 5:25-cv-00069-TES |
| FOUR S LOGISTICS, INC. & AMAZON LOGISTICS, INC., | |
| Defendants. | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Agreement and Stipulated Protective Order dated _____, in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the Federal District Court, Middle District of Georgia in matters relating to the Stipulated Confidentiality and Protective Order and understands that the terms of said Protective Order obligate him/her to use discovery materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" solely for the purposes of the above-captioned action, and not to disclose any such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality Agreement and Stipulated Protective Order may result in penalties for contempt of court.

Name:                                    Job Title:

Employer:                              Business Address:


Date:                                      Signature

**ATTACHMENT C**

**CERTIFICATION OF COUNSEL OF NEED**
**FOR ASSISTANCE OF PARTY/EMPLOYEE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| MILORAD SUSNJAR,<br><br>       PLAINTIFF,<br><br>VS.<br><br>FOUR S LOGISTICS, INC. &<br>AMAZON LOGISTICS, INC.,<br><br>       DEFENDANTS. | CIVIL ACTION NUMBER:<br>5:25-CV-00069-TES |

PURSUANT TO THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER ENTERED IN THIS ACTION, MOST PARTICULARLY THE PROVISIONS OF PARAGRAPH 7.B.2., I CERTIFY THAT THE ASSISTANCE OF _____
IS REASONABLY NECESSARY TO THE CONDUCT OF THIS LITIGATION AND THAT THIS ASSISTANCE REQUIRES THE DISCLOSURE TO THIS INDIVIDUAL OF INFORMATION WHICH HAS BEEN DESIGNATED AS "CONFIDENTIAL."

I HAVE EXPLAINED THE TERMS OF THE CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER TO THE INDIVIDUAL NAMED ABOVE AND WILL OBTAIN HIS OR HER SIGNATURE ON AN "ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND" PRIOR TO RELEASING ANY "CONFIDENTIAL" DOCUMENTS TO THE NAMED INDIVIDUAL AND I WILL RELEASE ONLY SUCH CONFIDENTIAL DOCUMENTS AS ARE REASONABLY NECESSARY TO THE CONDUCT OF THE LITIGATION.

THE INDIVIDUAL NAMED ABOVE IS:

❏    A NAMED PARTY;

❏    AN EMPLOYEE OF NAMED PARTY _____.
     THIS EMPLOYEE'S JOB TITLE IS
     _____AND WORK ADDRESS IS
     _____.


DATE:

                              COUNSEL SIGNATURE